[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is a plumbing and heating contractor. He provided certain material and labor for a new home being built at 25 Enrico Road, Bolton, Connecticut, for which he claims he was not fully paid. To the three counts of the complaint claiming breach of contract, quantum meruit, and unjust enrichment, the defendants have filed a special defense claiming certain work was not completed or not done in a workman like manner and that certain materials were not provided or were defective.
The defendants claim recoupment and have counterclaimed for the costs of completion or repair of said defective or uncompleted work.
Breach of Contract
The defendants, in their answer, have admitted entering into a contract with the plaintiff on or about March 15, 1990 for certain plumbing work, but do not agree that it was a written agreement. The defendant Peter Sposito (Sposito) invited the plaintiff (Guarino) to give him a bid for plumbing and heating work. After reviewing the plans, Guarino submitted two proposals (Exhibits A and B). Neither was signed by either party although Sposito inserted several items, in ink, to each. The proposals contain no language as to method or time of payment, but despite not being signed, Sposito told Guarino to go ahead with the job.
Sposito made partial payments as the work progressed from time to time, usually on the request of Guarino for money. Eventually Guarino became "tired of chasing the money" and left the job before it was complete. Sposito hired another contractor to complete the CT Page 4167 job. Guarino claims he is still owed $4,434.91 plus legal fees and costs.
The plaintiff cannot be awarded legal fees. The defendant did not agree to pay them and, without an express agreement, legal fees are not awarded absent some statutory provision allowing such an award.
Neither can the defendant be found in breach of contract. The written proposal was silent as to terms of payment and the plaintiff did not prove a mutual meeting of the minds existed as to a payment schedule. The defendant made partial payments to the extent he could when asked to do so. He did not refuse to pay the bills, although the plaintiff thought he was not sufficiently prompt in doing so.
In short there was an oral agreement for the plaintiff to provide plumbing and heating services and the Court does not conclude the defendant breached that agreement.
Accordingly, as to the First Count, judgment shall enter for the defendant.
Quantum Meruit:
The plaintiff is entitled to recover the reasonable value of materials and labor provided for the defendants, less, of course, valid offsets or counterclaims. The Court computes this amount as follows:
The Court finds the reasonable value of the labor and materials provided are reflected in Exhibit F. Exhibit G is a self-serving document prepared after the final billing — which was Exhibit F, and Exhibit G is not persuasive as proof of the plaintiff's claim.
Per Exhibit F, the total reasonable charges for material and labor were $42,461.58. The defendant paid the plaintiff $39,296.67, see Exhibit 2 — 14 checks totaling $38,296.67 and Exhibit 4 — a receipt for a $1000 cash payment. (The defendant's claim that he paid an additional $2000 in cash is not supported by credible evidence and, accordingly, is not credited as payment.
The defendant is awarded the following offsets and/or credits: CT Page 4168
2 oil tanks. $ 414.68
 Repair stained ceiling 150.00 (Exhibit 8)
Repair drywall in basement 500.00
 Cost of repairs to work improperly done or billed and not completed (including installation of fixtures, repairs to master bathroom and jacuzzi, material 2,591.13 ---------- Total: $3,655.81
The defendants did not prove the plaintiff was responsible for the scorch marks to the formica below the kitchen sink and the Court does not award them damages for that claim.
To summarize, the Court finds for the plaintiff in Counts 2 and 3 and for the defendants in their counterclaim. Since the defendants' credits exceed the amount owed to the plaintiff, the Court enters judgment for the defendant on this claim for the difference — or $490.00.
Klaczak, J.